**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2515-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILSON MORALES,

    Defendant-Appellant.

_____

Submitted April 26, 2017 — Decided August 25, 2017

Before Judges Carroll and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 05-04-1576.

Wilson Morales, appellant pro se.

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the January 20, 2016 Law Division order denying his motion for post-conviction DNA testing and assignment of counsel. We affirm.

On September 29, 2006, defendant entered a negotiated guilty plea to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and was sentenced in accordance with the plea agreement to eighteen years imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The charges stemmed from defendant's involvement in a robbery at a grocery store, during which the storeowner was shot and killed. The State's proofs included the victim's wife's identification of defendant as one of two robbers, defendant's girlfriend's incriminating statement and defendant's confession.

The victim's wife identified defendant from a photo array as the gunman. Defendant's girlfriend told police that she overheard defendant and another person planning to rob a store. Thereafter, defendant came home one night in tears with money and a gun and admitted to her that he had robbed and shot someone in a store. In addition, defendant confessed to police during a custodial interrogation that he and an associate planned the robbery but he waited outside until he heard gunshots, at which point he entered the store briefly to pull out his associate. During his plea allocution, defendant admitted that he and his associate drove to the grocery store intending to rob it and he knew his associate had a gun. Defendant acknowledged that his reckless actions caused the victim's death and that he was an accomplice to the robbery.

Defendant's direct appeal was heard by the excessive sentence panel, R. 2:9-11, which affirmed his sentence, State v. Morales, No. A-6700-06 (App. Div. Nov. 14, 2008), and the Supreme Court denied defendant's petition for certification. State v. Morales, 198 N.J. 314 (2009). Defendant filed his first petition for post-conviction relief (PCR) on March 16, 2009 and was assigned counsel. On May 10, 2010, that petition, which asserted, among other things, a Brady[1] violation in connection with defendant's girlfriend's recantation and the State withholding DNA evidence, was denied by the trial court and that denial was later affirmed on appeal. State v. Morales, No. A-1270-10 (App. Div. Feb. 20, 2013).[2] Thereafter, the Supreme Court denied defendant's petition for certification. State v. Morales, 216 N.J. 6 (2013).

On February 27, 2015, defendant filed a pro se motion for post-conviction DNA testing and assignment of counsel, contending that, despite his guilty plea, testing of the ski mask found at the scene would show that "someone else committed the crime." To support his application, defendant submitted a certification averring that "[he] had voluntarily submitted hair samples to the

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[2] Defendant filed a second PCR petition, but that petition was dismissed on January 9, 2012 because the appeal of defendant's first PCR petition was pending.

State for DNA testing[.]" Defendant certified that although a forensic analyst had sent his trial attorney "a report saying more DNA could be performed on the mask that could exonerate [him,]" the State "did not do a completed test of the hair that was found on the mask[.]" Accordingly, defendant sought "STR testing and mitochondrial testing[.]"

Attached to defendant's certification was a March 20, 2006 letter addressed to his trial attorney from a forensic analyst with Orchid Cellmark who was apparently retained as a defense expert. The analyst reported the results of her review of the New Jersey State Police Laboratory testing performed in the case. While the analyst agreed with "the ultimate conclusion" of the State Police that "no DNA was detected[,]" the analyst "believed further testing could have been performed[,]" stating:

> Further analysis of the ski mask for trace evidence is a possibility. If any hairs are present, additional DNA can be performed. If the hairs have roots then STR testing can be performed. If there are no roots present on any hairs possibly collected from the mask, then mitochondrial testing can be utilized.

Judge Edward J. McBride, Jr., denied defendant's motion in a cogent and well-reasoned written opinion. The judge carefully analyzed N.J.S.A. 2A:84A-32a and concluded that defendant failed to meet all the procedural and substantive requirements of the statute, and was therefore "not entitled to either performance of

post-conviction forensic DNA testing or assignment of counsel." Judge McBride acknowledged that defendant had consented to providing hair samples for comparison to evidence collected in the case. Defendant had also provided a letter from a defense expert who agreed with the test results performed by the State Police but would have performed other tests on the hair samples, specifically STR and mitochondrial testing. Because defendant now sought performance of those tests and was willing to provide supplemental samples to facilitate them, Judge McBride determined that defendant thereby "satisfied his burdens under [N.J.S.A.] 2A:84A-32a(a)(1)(c), (d), and (e)."

However, the judge found that defendant "failed to satisfactorily explain, as required under [N.J.S.A.] 2A:84A-32a(a)(1)(a), why his identity was a significant issue in the case." The judge explained:

> Defendant submits that "the identity of him [sic] is a significant issue in this case, because he is innocent of the crime he pled to." This bald assertion, made nearly ten years after the [d]efendant pled guilty, is insufficient for several reasons. First, a finding that the hair was not [d]efendant's would not necessarily be exculpatory given the other evidence in the case, including [d]efendant's inculpatory statement, the statement of his girlfriend, and the out-of-court identification of [d]efendant by the victim's wife. Second, and more importantly, [d]efendant pled guilty to the charge of aggravated manslaughter and admitted under

oath that, inter alia, he was an accomplice to the robbery and that he was, in fact, guilty of aggravated manslaughter.

Further, the judge found that defendant "failed to explain, as required by [N.J.S.A.] 2A:84A-32a(a)(1)(b), . . . that if the results of such DNA testing were favorable to [d]efendant, a motion for a new trial based upon newly discovered evidence would be granted." Citing the standard for a new trial motion articulated in State v. Carter, 85 N.J. 300, 314 (1981), the judge pointed out that "although it is arguable that such DNA evidence could be material, . . . contrary to [d]efendant's assertions, at no point does [the defense expert] state that such evidence would 'exonerate' [d]efendant." Further, according to the judge, "this evidence was known to [d]efendant and his counsel at the time of his plea agreement." Finally, the judge noted, "it is unlikely that such evidence would change a jury's verdict had [d]efendant's case gone to trial" given "all of the other highly inculpatory evidence[.]"

This appeal followed. On appeal, defendant raises a single argument for our consideration:

POINT I

THE TRIAL COURT IMPROPERLY DENIED DEFENDANT'S MOTION FOR PERFORMANCE OF FORENSIC DNA TESTING AND ASSIGNMENT OF COUNSEL, VIOLATING DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL.

A-2515-15T4

We defer to the factual findings of the trial court so long as they are supported by "sufficient credible evidence present in the record." State v. Reece, 222 N.J. 154, 166 (2015) (quoting State v. Locurto, 157 N.J. 463, 470-71 (1999)). However, our review of a trial court's legal determinations is de novo. Reece, supra, 222 N.J. at 167. Defendant argues that contrary to the judge's ruling, he "has met every requirement warranting relief" under N.J.S.A. 2A:84A-32a.[3] We disagree and affirm substantially for the reasons expressed in Judge McBride's written opinion. We add only the following comments.

N.J.S.A. 2A:84A-32a allows one convicted of a crime who is serving a term of imprisonment to move for forensic DNA testing of evidence probative of guilt or innocence. State v. Peterson, 364 N.J. Super. 387, 390 (App. Div. 2003). The DNA testing statute imposes both procedural and substantive requirements upon a

_____

[3] For the first time on appeal, defendant also seeks DNA testing of a "bite mark on [the] victim." We "'decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson, 200 N.J. 1, 20 (2009), certif. denied, 226 N.J. 213 (2016)). Defendant did not raise this issue before the trial judge and it is not jurisdictional in nature, nor does it substantially implicate the public interest.

defendant seeking DNA testing. Procedurally, a defendant must first meet the following requirements:

> (a) explain why the identity of the defendant was a significant issue in the case;
>
> (b) explain in light of all the evidence, how if the results of the requested DNA testing are favorable to the defendant, a motion for a new trial based upon newly discovered evidence would be granted;
>
> (c) explain whether DNA testing was done at any prior time, whether the defendant objected to providing a biological sample for DNA testing, and whether the defendant objected to the admissibility of the DNA testing evidence at trial. . . . ;
>
> (d) make every reasonable attempt to identify both the evidence that should be tested and the specific type of DNA sought; and
>
> (e) include consent to provide a biological sample for DNA testing.
>
> [N.J.S.A. 2A:84A-32a(a)(1).]

If the defendant meets the procedural requirements of N.J.S.A. 2A:84A-32a(a)(1), then the defendant is entitled to a hearing pursuant to N.J.S.A. 2A:84A-32a(b), wherein the trial court shall determine whether the following substantive requirements have been established:

> (1) the evidence to be tested is available and in a condition that would permit the DNA testing that is requested in the motion;
>
> (2) the evidence to be tested has been subject to a chain of custody sufficient to establish

it has not been substituted, tampered with, replaced or altered in any material aspect;

(3) the identity of the defendant was a significant issue in the case;

(4) the eligible person has made a prima facie showing that the evidence sought to be tested is material to the issue of the eligible person's identity as the offender;

(5) the requested DNA testing result would raise a reasonable probability that if the results were favorable to the defendant, a motion for a new trial based upon newly discovered evidence would be granted. The court in its discretion may consider any evidence whether or not it was introduced at trial;

(6) the evidence sought to be tested meets either of the following conditions:

(a) it was not tested previously;

(b) it was tested previously, but the required DNA test would provide results that are reasonably more discriminating and probative of the identity of the offender or have a reasonable probability of contradicting prior test results;

(7) the testing requested employs a method generally accepted within the relevant scientific community; and

(8) the motion is not made solely for the purpose of delay.

[N.J.S.A. 2A:84A-32a(d).]

"It is [the] defendant's burden to establish that all of the elements necessary for DNA testing have been fulfilled." State

v. Armour, 446 N.J. Super. 295, 311 (App. Div. 2016), certif. denied, 228 N.J. 239 (2016).

Defendant argues he has satisfied the statutory criteria because his identity was a significant issue in the case and he asserts the judge applied an incorrect standard by relying on the State's overwhelming evidence. We disagree. The proofs necessary to establish whether the identity of the defendant was a "significant issue" in the case were analyzed in Peterson, supra, 364 N.J. Super. at 394. In Peterson, we explained N.J.S.A. 2A:84A-32a(d)(3) "does not specify that the identification of the defendant as the perpetrator must have been established by any particular form of evidence." Id. at 395. Additionally, "the strength of evidence against a defendant is not a relevant factor in determining whether his identity as the perpetrator was a significant issue." Id. at 396. Rather,

> [t]he underlying objective of N.J.S.A. 2A:84A-32a--to provide an opportunity for exoneration of an innocent person through the testing of evidence by a highly reliable scientific methodology that was not available at the original trial--may be served in any case where there is a genuine question concerning the identity of the perpetrator. Therefore, we conclude that the requirement of N.J.S.A. 2A:84A-32a(d)(3) that "identity" must have been a "significant issue" at defendant's trial before post-conviction DNA testing will be ordered does not turn on the form of evidence the State relied upon to prove the perpetrator's identity.

[Id. at 395.]

Here, we conclude defendant's motion was properly denied because defendant failed to "explain why the identity of the defendant was a significant issue in the case[.]" N.J.S.A. 2A:84A-32a(a)(1)(a). Likewise, defendant failed to "explain in light of all the evidence, how if the results of the requested DNA testing [were] favorable to [him], a motion for a new trial based upon newly discovered evidence would be granted[.]" N.J.S.A. 2A:84A-32a(a)(1)(b). In this regard, to meet the standard for "a new trial based on newly discovered evidence, . . . defendant must show that the evidence is . . . 'material . . . and not merely cumulative[,] . . . impeaching[,] or contradictory[;] . . . and . . . that [the evidence] would probably change the jury's verdict if a new trial were granted.'" Peterson, supra, 364 N.J. Super. at 398 (quoting Carter, supra, 85 N.J. at 314). Further, as relevant here, defendant must show that the evidence was discovered after he pled guilty "and was not discoverable by reasonable diligence beforehand[.]" State v. Ways, 180 N.J. 171, 187 (2004) (quotation and citation omitted).

We have construed the analysis of the "new trial" standard in the context of the DNA testing statute to "not require a defendant to prove the DNA results will be favorable, rather it

11                                                                    A-2515-15T4

must only be established that there is a reasonable probability that a new trial would be granted if the DNA results are favorable to the defendant." Armour, supra, 446 N.J. Super. at 312 (quotation and citations omitted). However, in determining whether there exists a reasonable probability that a new trial would be granted, we may consider the extent and nature of the State's proofs and "[a] defendant cannot compel the State to release the evidence for DNA testing where the evidence . . . was overwhelming and the defendant did not present a defense . . . that would be consistent with the explanation the DNA [testing] results might supply." State v. Reldan, 373 N.J. Super. 396, 402-03 (App. Div. 2004), certif. denied, 182 N.J. 628 (2005).

Simply stated, we cannot draw the connection suggested by defendant that a favorable outcome in connection with the testing of the ski mask would exonerate him. Even if the DNA of a person other than defendant was found on the ski mask, there is no reasonable probability that the discovery of such proof would establish his entitlement to a new trial. In Peterson, the challenged forensic evidence was used to identify the defendant as the perpetrator (i.e., hairs found on or near the victim, semen found on the outside of the victim's clothing and blood found under the victim's fingernails). Id. at 392. There, the identity of the murderer was likely and almost certainly the person whose

DNA was found at the crime scene. Ibid. Here, the evidence sought to be tested is immaterial to the issue of defendant's identity as the perpetrator and would not constitute grounds for a new trial. Even the most favorable retesting outcome must be weighed against the State's compelling proofs and would be overshadowed by the probative evidence of defendant's guilt. For those reasons, we agree with Judge McBride that defendant has not made the necessary showing pursuant to N.J.S.A. 2A:84A-32a(a)(1)(a) and (b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION